Walter Lipiner v. Commissioner. Milton and Beverly Chasin v. Commissioner.
Lipiner v. Commissioner
Docket Nos. 1909-63, 2995-64.
United States Tax Court
T.C. Memo 1965-112; 1965 Tax Ct. Memo LEXIS 217; 24 T.C.M. (CCH) 593; T.C.M. (RIA) 65112; April 26, 1965
*217 1. Held, that petitioners Milton and Beverly Chasin furnished more than half of the support for Beverly Chasin's son, Edward, for the year 1961; and that the Chasins, rather than Edward's father, petitioner Walter Lipiner, are entitled to a dependency deduction in respect of Edward for said year. 2. Amount of petitioner Walter Lipiner's deduction for medical expenses, determined. Walter Lipiner, pro se, 102-17 64th Rd., Forest Hills, N. Y., in Docket No. 1909-63. Milton Chasin, pro se, in Docket No. 2995-64. Lawrence Shongut, for the respondent. PIERCE Memorandum Findings of Fact and Opinion PIERCE, Judge: The Commissioner determined the following deficiencies in income tax for the calendar year 1961 against the following petitioners and in the following amounts: Docket
No.
Petitioner
Deficiency
1909-63
Walter Lipiner
$233.60
2995-64
Milton and Beverly Chasin
156.29
The two cases were consolidated for trial. The issues for decision are: (1) In both the consolidated cases. - Whether a dependency exemption of $600 for the taxable year in respect of a child named Edward Lipiner, is allowable either: (a) To petitioner Walter *218 Lipiner, the child's father, who by reason of divorce from the child's mother did not at any time during the taxable year have custody of the child; or (b) to petitioners Milton and Beverly Chasin, who were respectively the stepfather and the mother of the child, and in whose home the child resided through the taxable year. (2) In only the first of said consolidated cases. - Whether petitioner Walter Lipiner is entitled to a medical expense deduction for the taxable year, in the claimed amount of $283. Some of the facts have been stipulated. The two written stipulations of fact and all exhibits identified therein are incorporated herein by reference. The individual income tax return of petitioner Walter Lipiner for the taxable year here involved was timely filed by him with the district director of internal revenue at Brooklyn, New York. The joint income tax return of petitioners Milton and Beverly Chasin for the taxable year here involved, was filed by them with the district director of internal revenue at Newark, New Jersey. Findings of Fact Re Issue 1. Dependency Exemption. Petitioner Walter Lipiner (herein called "Lipiner") was married on June 18, 1944, to Beverly *219 Millet (herein sometimes called "Beverly") whose present name by reason of divorce and remarriage is Beverly Chasin. On June 6, 1953, a son named Edward J. Lipiner was born of this marriage; and said son (hereinafter called "Edward") is the child here involved. On about December 17, 1953, which was shortly after the birth of said son, Lipiner and Beverly separated; and at all times since, Beverly and her son have lived apart from Lipiner. Also on June 22, 1955, Lipiner and Beverly entered into and executed a written separation agreement under which, so far as here material, they agreed: 1. That they would continue to reside separate and apart; and that neither would attempt to compel the other to live or cohabit with him or her; 2. That the wife (Beverly) would have sole and exclusive care, custody and control of their said son Edward during his infancy, subject to certain visitation privileges in the father; 3. That the husband (Lipiner) would pay to the wife (Beverly) $10 per week for her own support and maintenance, and also not less $5than per week for the support and maintenance of their said child - subject to said amounts being increased in accordance with a specified *220 formula if the husband's gross salary and income should increase to more than $95 per week; and 4. That in the event the parties should become divorced and the wife should remarry, then all alimony payments to the wife would be discontinued, but that the husband (Lipiner) would nevertheless continue to pay to the wife (Beverly) for support and maintenance of the child Edward, the sum of $10 per week. Thereafter on July 30, 1955, Lipiner and Beverly were divorced under a valid decree of divorce entered by a court of record. And subsequently on February 19, 1960, Beverly married Milton Chasin who is one of the joint petitioners in the case bearing Docket No. 2995-64. At all times subsequent to the latter date including all of the calendar year 1961 here involved, the child Edward continued to be under the sole and exclusive care, custody and control of his mother Beverly and his step-father Milton Chasin; and also during all of said period he lived in the home of these persons and was maintained and cared for as a member of their household, subject to limited visitation privileges in the father, Lipiner. During the first 3 months of the calendar year 1961 here involved, Milton *221 and Beverly Chasin (herein sometimes called the "Chasins") and also the child Edward who was then nearly 8 years of age, resided in Miami, Florida; and during all of this period the father, Lipiner, did not visit or see Edward. During the remaining 9 months of said year the Chasins and Edward resided in or near Fort Lee, Nev. Jersey; and during this period Lipiner from time to time exercised his privilege of visiting Edward, but not oftener than an average of twice a month. When visitations occurred, the mother Beverly would, after Edward had eaten his lunch for the day, drive him to an appointed place near a Fort Lee moving picture theatre where they would meet Lipiner; and thereafter before about 6 o'clock on the same day and before the child had dinner, she would again drive to an appointed location where she picked up Edward and returned with him to the Chasin home. Edward never at any time remained with Lipiner more than a few hours; and he never stayed overnight with his father. During said year 1961, Lipiner, acting pursuant to order of a Domestic Relations Court of the City of New York, paid into said court a total of $540 in respect of the support and maintenance of the *222 child Edward - of which $520 represented payments of $10 per week for 52 weeks of said year 1961, and the balance of $20 represented payment in respect of arrears for similar weekly payments for a preceding year or years. Said amounts were then delivered by the court to the Chasins. In addition to the above-mentioned $540, Lipineralso expended $50 for food and items of entertainment for Edward on the occasion of Lipiner's visitations with his son in 1961. [1]
During this same year 1961, Milton and Beverly expended for the maintenance and support of *223 Edward, the following amounts: Lodging (representing an allocated
portion of a total $2,355.95 ex-
pended during said year, for rent
and utilities in maintaining their
home in which Edward resided)
$ 471.19
Medical expenses
40.00
School expense
75.00
Summer camp
157.00
Fort Lee Little League
5.25
Blue Cross insurance
2.50
Toys and books
25.00
Food
913.00
Clothing
215.00
Hair cuts, and dry cleaning of cloth-
ing
43.00
Travel
104.00
Total
$2,050.94
Less portion attributable to amounts
paid by Lipiner
590.00
Balance paid by Milton and Beverly
Chasin
$1,460.94 During said year 1961 here involved, Edward was a dependent child of Milton and Beverly Chasin; and they expended for his maintenance and support for said year, more than half of the total cost of his support and maintenance for said year. No person other than the Chasins and Lipiner paid any portion of the total cost of Edward's support and maintenance for said year. In the income tax return which Lipiner filed for the year 1961, he did not list the child Edward as a dependent, and did not claim any dependency deduction for him; and the Commissioner, in the statutory notice of *224 deficiency which he issued to Lipiner for said year, did not allow any such deduction for Edward. In the joint income tax return which Milton and Beverly Chasin filed for the year 1961, they did list Edward as a dependent child, and claimed a dependency deduction for him. The Commissioner in the joint notice of deficiency which he issued to said parties, disallowed said deduction on the ground that "[You] have not established that you contributed more than one-half of the total cost of his support." Opinion Re Issue 1 Following the trial herein during which this Court fixed a time within which all the parties should file briefs in support of their respective positions, Lipiner did not file any brief, either within the time allowed or at any subsequent time. The Chasins did file a brief in support of their position. And the respondent also filed a brief in which he set forth proposed findings of fact on this issue, but assumed a neutral position as between Lipiner and the Chasins. Lipiner was furnished with copies of both the Chasins' brief and that of the respondent. After considering and weighing all the evidence in respect of this first issue, we hold and decide in accordance *225 with our foregoing Findings of Fact: (1) That petitioners Milton and Beverly Chasin furnished and paid more than half of the total cost of the support and maintenance of the child Edward for the year 1961; that said child was a dependent of theirs during said year; and that they are entitled to a dependency deduction in respect of him for said year. Also we further hold from our consideration and weighing of the evidence herein, and in accordance with our Findings of Fact on this issue, that petitioner Walter Lipiner furnished less than half of the total cost of support and maintenance of said child Edward for the year 1961; and that he is not entitled to a dependency deduction for said year in respect of said child. Findings of Fact and Opinion Re Issue 2 Medical Expense Deduction Claimed by Petitioner Walter Lipiner In the income tax return which petitioner Walter Lipiner filed for his taxable calendar year 1961, he claimed a deduction for medical expenses of $283 which was predicated upon two listed items of alleged medical expense: Total cost of medicine and drugs $225
Other medical and dental expenses
314 The respondent, in determining the deficiency *226 against said petitioner for said year, disallowed the claimed medical deduction in its entirety. As regards the first of said two items of claimed medical expenses, Lipiner and the respondent stipulated at the trial herein, that petitioner had substantiated $150 of the amount of $225 which he claimed to have expended for medicine and drugs. However as to the remaining balance of $75, Lipiner produced no competent evidence that he had expended such additional amount; and he filed no brief herein in support of said additional amount. We hold that as to this first item, Lipiner has failed to sustain his burden of establishing that he expended as the cost of medicine and drugs, more than the amount of $150 which respondent has allowed. As to the second item of $314 which Lipiner claimed to have paid for medicine and dental expenses, the respondent has now conceded on brief that all of said amount was paid by Lipiner. Effect will be given to the foregoing in the computation under Rule 50. Decision will be entered under Rule 50 in Docket No. 1909-63. Decision will be entered for the petitioners in Docket No. 2995-64. Footnotes
1. During the trial of this case, Lipiner testified that, in addition to said amounts paid over to the Domestic Relations Court, he had expended an estimated amount $310of for clothing, toys, food and other miscellaneous items for Edward, during his short visitations with said child in said year. There was a notable lack of specific evidence in support of these claimed expenditures. We are satisfied, however, that Lipiner did expend some amount for Edward's support on the occasions of the visits; and, applying the rule of , we have found that the amount was $50 for the taxable year.↩